UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14319-CIV-MAYNARD

LACRESHIA WATFORD,

    Plaintiff,

vs.

MARIA BROWN, KIMBERLY
FRENSEM, CHANAN, AND
WALMART CORPORATE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff, proceeding *pro se*, has not taken affirmative steps to continue prosecuting her claims nor timely complied with my Orders reminding her that failure to file an Amended Complaint could result in dismissal. DE 10 at 4; DE 12 at 2.

On September 3, 2025, Plaintiff commenced this action by filing her Complaint against Defendants Maria Brown, Kimberly Frensem, Chanan, and Walmart Corporate. DE 1. Though the Complaint, which is handwritten on the Court's form, is difficult to read, it appears to assert a claim of harassment. Also on September 3, 2025, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP Motion"). DE 3. Like the Complaint, the IFP Motion is handwritten on the Court's form; it is short on information and difficult to decipher in places.

On October 6, 2025, I entered an Order denying Plaintiff's IFP Motion and dismissing the case without prejudice. DE 10. I found that the grounds for the lawsuit were not clear, and Plaintiff had not properly pled what injury (or injuries) Plaintiff had experienced or what relief she sought.

1

*Id.* at 3.  I therefore concluded that Plaintiff had not stated a plausible claim for relief, *id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and dismissed the Complaint under 28 U.S.C. § 1915, which governs *in forma pauperis* ("IFP") proceedings.  *Id.* at 4.

My Order granted Plaintiff leave to file an Amended Complaint by October 31, 2025.  DE 10 at 4.  I warned Plaintiff "**that failure to timely file an Amended Complaint in compliance with this Order's directives w[ould] likely result in a recommended final dismissal of this case for failure to prosecute or failure to comply with court orders.**"  *Id.* (emphasis in original) (citing Fed. R. Civ. P. 41(b)).  Plaintiff did not file an Amended Complaint by October 31, 2025.  I granted Plaintiff additional time to comply, setting a new deadline of December 2, 2025.  DE 12 at 2.  I again warned Plaintiff "**that failure to timely file an Amended Complaint in compliance with this Order's directives will likely result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.**"  *Id.* (emphasis in original) (citing Fed. R. Civ. P. 41(b)).  Plaintiff has not filed an Amended Complaint.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").  The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations," and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *Morewitz v. West of England Ship Owners Mut.*

2

*Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over three months have passed since Plaintiff filed her original Complaint. A series of prior Court Orders have provided Plaintiff with clear guidance and ample opportunity to file an Amended Complaint to continue prosecuting this case. Plaintiff has been given fair warning twice that her failure to file an Amended Complaint and timely pursue this case could lead to this case being dismissed without further notice. It appears that Plaintiff does not intend to pursue her claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 9th day of December, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Lacreshia Watford, *pro se*
907 N. 32nd Street/Apt. A
Fort Pierce, FL 34947